Michelle Nerette has appealed from an order of the Superior Court dismissing her appeal from a judgment entered for the defendants on her claims against Partners Healthcare System, Inc. (Partners), and several of its employees. The complaint alleged claims for employment discrimination, retaliation, and a hostile working environment against Partners, as well as claims against her former supervisors for aiding and abetting Partners's discriminatory acts. However, the inadequacies of Nerette's submissions to this panel prevent a meaningful review of her appeal. Accordingly, we affirm.
As Nerette failed to provide us with a record appendix, we recount what facts we can glean from the trial court and single justice dockets, of which we take judicial notice, see Sullivan v. Smith, 90 Mass. App. Ct. 743, 744 (2016) (appellate court may take judicial notice of dockets in related cases), and from the incomplete copy of the judge's decision attached as an addendum to the plaintiff's brief.
Nerette filed a timely notice of appeal from the Superior Court judgment. Shortly thereafter, Nerette's counsel withdrew his appearance. An assistant clerk in the Superior Court assembled the record on March 8, 2016, but the appeal was not docketed in this court within the ten-day period permitted by Mass.R.A.P. 10(a)(1), as amended, 435 Mass. 1601 (2001). The defendants filed a motion to dismiss the appeal in the Superior Court on April 29, 2016, pursuant to Mass.R.A.P. 10(c), as amended, 417 Mass. 1602 (1994). The motion, which was unopposed, was allowed on May 10, 2016. No timely notice of appeal from that order was filed. Rather, several months later, Nerette filed a motion to docket her appeal late with a single justice of this court. The appeal already having been dismissed, the single justice denied the motion to docket the appeal late, but permitted Nerette to file a late notice of appeal from the Superior Court order dismissing her appeal. This appeal ensued.
Pursuant to Mass.R.A.P. 10(c), if an appellant fails to docket an appeal in a timely manner, "the lower court may, on motion with notice by any appellee, dismiss the appeal, but only upon a finding of inexcusable neglect." At issue in this appeal is whether the Superior Court judge abused his discretion by allowing the defendants' motion to dismiss the appeal from the judgment. See Scheuer v. Mahoney, 80 Mass. App. Ct. 704, 708 (2011). Nerette's brief on this point is unpersuasive.
Nerette did not oppose the motion to dismiss the appeal, and she does not dispute that the appeal from the judgment was not docketed in a timely manner. Rather, Nerette argues that there were three factors that prevented her from docketing her appeal: (1) she was unemployed at the time and unable to pay court fees, (2) she was unfamiliar with court procedures, and (3) her attorney withdrew after the motion for summary judgment was allowed and she misunderstood the timeline and necessity to docket her appeal. However, because Nerette failed to file an opposition to the motion to dismiss, none of these assertions was before the judge. "An issue not raised or argued below may not be argued for the first time on appeal." Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) (citation omitted). Accordingly, we deem the issues waived. Ibid.
Moreover, Nerette's failure to provide this panel with a record appendix-including a copy of the motion to dismiss, the order allowing the motion to dismiss, or any of the pleadings, motions, or dispositive orders filed in the underlying action-prevents our meaningful review of the order allowing the motion to dismiss, and inhibits our ability to assess whether an appeal from the underlying judgment presents any meritorious issues. See Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975) ("showing of a meritorious case is required" to permit appeal to be docketed out of time).
In these circumstances, Nerette has failed to establish, and we cannot conclude, that "the judge made a 'clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
Order allowing motion to dismiss appeal affirmed.