The defendant appeals from a one-year extension of an abuse prevention order entered pursuant to G. L. c. 209A. He makes two arguments in this appeal. First, he argues that there was insufficient evidence to establish that the plaintiff suffered, or continued to require protection, from abuse within the meaning of the statute. Second, the defendant argues that the court lacked jurisdiction to impose affirmative obligations (namely, the surrender of his firearms) because he is a resident of another State. We affirm.
We recite the facts as the judge could have found them, keeping in mind that the judge explicitly found the plaintiff "extremely credible" and that the judge discredited the defendant. The plaintiff is the defendant's estranged daughter. She has lived her entire life in fear of the defendant because he had physically abused her and other members of the family until 1984 when the plaintiff's mother fled the physical abuse, taking the plaintiff, then aged two or three, with her. The plaintiff has had no contact with the defendant for approximately the past decade, and has taken steps to prevent him from knowing her location or doings. Despite these efforts, the defendant contacted the plaintiff in 2005 through persistent, unsolicited telephone calls to her unlisted number, and through e-mails which included reference to firearms. The plaintiff understood the e-mails to contain veiled threats, was afraid, and obtained a 209A order against the defendant. When the parties appeared in court in 2006, the judge instructed the defendant not to contact the plaintiff, even though the judge vacated the restraining order then currently in place.[2]
Thereafter, beginning in September 2017, the defendant sent the plaintiff several e-mails asking about her life and family.[3] The plaintiff had not provided her contact information to the defendant; the defendant had mined the Internet for information about her. The plaintiff found these e-mails to be invasive, unwelcome, menacing, and escalating. Accordingly, she sent the defendant a "no contact" letter. Despite this, the defendant sent another e-mail saying: "I know where you live and I can drive down any day." The plaintiff was afraid that the defendant would never leave her alone, would show up at her door carrying a gun and demanding to see his grandchildren (if there are any), and would maintain no boundaries.
The defendant is known to carry a firearm "at all times," and the plaintiff characterized him as a "gun fanatic." His brothers (the plaintiff's uncles) have expressed their concern about the defendant's undiagnosed mental health issues, the fact that the defendant lacks empathy, and that he poses a threat with his "arsenal of firearms." The defendant himself acknowledged suffering from a brain injury that caused him cognitive difficulties and that he can be "unpredictable." After the preliminary ex parte order was issued, the defendant surrendered eight firearms.
We review the extension of a 209A order "for an abuse of discretion or other error of law." E.C.O. v. Compton, 464 Mass. 558, 562 (2013).[4] "In reviewing the judge's decision to [allow] the plaintiff's request for an extension of her protective order, 'we will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts.' " Iamele v. Asselin, 444 Mass. 734, 741 (2005), quoting C.O. v. M.M., 442 Mass. 648, 655 (2004).
Although it is true, as the defendant points out, that a long period of time elapsed without the defendant contacting the plaintiff, and that his physical abuse of her ended decades ago, it does not follow that the evidence was insufficient to establish that the plaintiff was placed in reasonable fear of imminent physical harm. See G.B. v. C.A., 94 Mass. App. Ct. 389, 393 (2018), quoting MacDonald v. Caruso, 467 Mass. 382, 386 (2014) ("A plaintiff seeking the extension of an abuse prevention order must prove 'by a preponderance of the evidence ... that the defendant has caused or attempted to cause physical harm, committed a sexual assault, or placed the plaintiff in reasonable fear of imminent serious physical harm' "). Where, as here, the evidence permitted the judge to find that the plaintiff suffered physical abuse in the past, "a judge may reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). The combination of the defendant's mental health issues, his unpredictability, his inability to respect boundaries (as evidenced by continuing to send unwanted communications), his unwillingness to abide by the earlier judge's admonition not to contact the plaintiff, the unsettling and escalating content of the e-mails, and his possession and referencing of firearms, support the judge's conclusion that the plaintiff's fear of imminent physical harm was reasonable. The judge did not abuse his discretion in extending the 209A order.
The defendant also challenges the judge's denial of his motion to strike that portion of the order requiring him "to immediately surrender to the Hartford VT Police Department ... all guns, ammunition, gun licenses and FID cards." Although the defendant acknowledges that an out-of-State resident may properly be the subject of a restraining order, he contends that the court lacked personal jurisdiction over him sufficient to impose affirmative obligations upon him. "We review the question of personal jurisdiction de novo." Sullivan v. Smith, 90 Mass. App. Ct. 743, 746-747 (2016).
The defendant, a Vermont resident, is correct that personal jurisdiction is required in order to impose an affirmative duty, such as the surrender of firearms, on him in favor of the plaintiff. Caplan v. Donovan, 450 Mass. 463, 470, 472, cert. denied, 553 U.S. 1018 (2008), citing Kulko v. Superior Court, 436 U.S. 84, 91 (1978). However, the defendant is incorrect that the fact that his e-mails were sent from outside the State is the end of the inquiry. As pertinent here, our long-arm statute authorizes personal jurisdiction "as to a cause of action in law or equity arising from [a] person's ... causing tortious injury by an act or omission in this commonwealth." G. L. c. 223A, § 3 (c ). The Supreme Judicial Court has held that communications originating from outside Massachusetts create tortious injury within Massachusetts if they "include threats or harassing statements" or "placed the plaintiff in fear." Caplan, supra at 466, citing Beckers v. Seck, 14 S.W.3d 139, 141, 143 (Mo. Ct. App. 2000) ; McNair v. McNair, 151 N.H. 343, 349 (2004). The defendant's e-mails in this case, for all the reasons we have set out above, meet these criteria.[5] Thus, due process was satisfied because the defendant's e-mails constituted contact in Massachusetts "such that he should reasonably anticipate being haled into court" here. Bulldog Investors Gen. Partnership v. Secretary of the Commonwealth, 457 Mass. 210, 218 (2010), quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).
For these reasons, we affirm the c. 209A extension order and order denying the defendant's motion to strike.
So ordered.
affirmed

The record does not reveal why the order was vacated.

The plaintiff had never given the defendant her e-mail address. She had shielded her physical address from him.

A judge abuses his discretion where "the judge made a clear error of judgment in weighing the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives" (quotations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The judge credited the plaintiff that she found the defendant's latest e-mail "terrifying," and that she viewed "his recent contact as threatening to myself. Every action he takes to disrespect my express wishes for no contact places me in a state of fear. ... [The defendant] does not have boundaries and I don't know what he will do next."