NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-406

DEANA L. CONNOLLY

vs.

JONATHAN G. LAWIT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The father, Jonathan G. Lawit, appeals from a judgment of the Probate and Family Court requiring him to pay certain uninsured medical expenses and child support of $250 per week to the mother, Deana L. Connolly. He challenges only the order of child support, and on the ground that he was denied due process. Concluding that the father was denied due process to the extent that the judge ordered him to pay child support, we vacate in part and remand for further proceedings.

1. Discussion. Although the mother filed a complaint for contempt, "[a] Probate Court has power to modify a support order in the context of either a complaint for contempt or a complaint for modification." Feinstein v. Feinstein, 95 Mass. App. Ct. 230, 234 (2019), quoting Kennedy v. Kennedy, 17 Mass. App. Ct. 308, 312 (1983). "A modification on a complaint for contempt

may occur even in the absence of a contempt finding." Feinstein, supra. Nonetheless, in the divorce context, as in all contexts, "due process requires that defendants be given notice and an opportunity to be heard." Sullivan v. Smith, 90 Mass. App. Ct. 743, 751 (2016).

Although the complaint for contempt did not request an alteration of child support, it plainly raised the question whether the mother should continue to pay child support to the father. The father, in his answer and memorandum, similarly addressed the question whether the order for the mother to pay child support should remain in force. Although the parties understood that the issue of the continuation of the mother's payment of child support would be before the judge, the pretrial record does not reflect that the issue of the father's payment of child support to the mother would be addressed at the contempt trial.

Similarly, at the trial, the mother specifically asked "to be relieved of my child support," without objection from the father. See Commonwealth v. Cortez, 438 Mass. 123, 126 (2002) ("There was no objection, register of surprise, or request for a continuance by the defendant. In these circumstances, the defendant's claim of lack of notice rings hollow"). Accord Wojcicki v. Caragher, 447 Mass. 200, 214 (2006). The judge then asked the mother, "are you looking for an order based upon the

2

guidelines and a shared -- a split custody arrangement?" Although an attorney might have understood "an order based upon the guidelines" to include the possibility of an order for the father to pay child support to the mother, it seems unlikely that the parties -- two lay persons -- could have understood this question as addressing anything but the elimination of the mother's duty to pay child support. See Sullivan, 90 Mass. App. Ct. at 751 ("due process requires that defendants [in a child support action] be given notice and an opportunity to be heard"); Guardianship of Moe, 81 Mass. App. Ct. 136, 139-140 (2012) (error to decide issue not raised by parties or court). Accord Cunningham v. Thomas, 102 Mass. App. Ct. 135, 144-145 (2023).

Accordingly, before the father can be ordered to pay child support, he must be afforded an opportunity to be heard on the question. In vacating the child support portion of the judgment, we do not mean to intimate that such an order would be unwarranted. The question has not been briefed before us, and we express no view about it.[1]

_____

[1] We do note that, contrary to the father's suggestion, the 2021 Massachusetts Child Support Guidelines (like every version of the guidelines since 2009) explicitly exclude consideration of the income of a non-parent guardian, such as the mother's new husband. Mass. Child Support Guidelines § I.F (Oct. 2021). Similarly, even without an affirmative showing of need, "[t]here is a 'rebuttable presumption that the amount of the order which would result from the application of the guidelines is the

3

2.  <u>Conclusion</u>.  Paragraph three of the judgment entered on September 8, 2022, is vacated, and the matter is remanded to the Probate and Family Court for further proceedings in accordance with this decision.[2]  The judgment is otherwise affirmed.

<u>So ordered</u>.

By the Court (Rubin, Ditkoff & Grant, JJ.[3]),

Assistant Clerk

Entered:  March 1, 2024.

---

appropriate amount of child support to be ordered.'"  <u>P.F</u>. v. <u>Department of Revenue</u>, 90 Mass. App. Ct. 707, 709 (2016), quoting G. L. c. 208, § 28.  On the other hand, the father's request for reciprocal consideration of the older child's support needs may be considered by the judge at the judge's discretion.  See Mass. Child Support Guidelines § II.F (Oct. 2021).

[2] If the father's past child support obligation is reduced on remand, some of the money the father paid could instead reduce the amount that the father owed in past uninsured medical and dental expenses under paragraph four of the judgment.

[3] The panelists are listed in order of seniority.

4