NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-278

JULIA DIXON

vs.

NING JIANG & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Julia Dixon, appeals from the dismissal of her complaint in Superior Court against the defendants, Ning Jiang and Yunping Wang. Although the complaint is not included in the record, Dixon asserts in her brief that the defendants owe her $70,000 for food, shelter, private school tuition, and more. According to the Superior Court docket, the defendants moved to dismiss all counts of Dixon's complaint for lack of personal jurisdiction pursuant to Mass. R. Civ. P. 12 (b) (2), 365 Mass. 754 (1974). The judge allowed the motion, concluding that "[e]ven taking a generous view of the circumstances asserted by [p]laintiff, there are individually and collectively

_____

[1] Yunping Wang.

insufficient contacts between [the defendants] and the Commonwealth to satisfy due process and the Commonwealth's long arm statute."

On appeal, Dixon argues that the Superior Court has personal jurisdiction and that the defendants breached their contracts with her.  Although we normally review the issue of personal jurisdiction de novo, Sullivan v. Smith, 90 Mass. App. Ct. 743, 746-747 (2016), meaningful review is not possible on the record before us.  Dixon has not provided this court with a copy of her complaint, the defendants' motion to dismiss, or a transcript of the motion hearing.  The record appendix submitted by Dixon contains only emails between the parties, photocopies of bank checks paid to Dixon, and a 2017 memorandum of decision on a default judgment entered by a different judge in a different case.

To allow for meaningful review of a judge's ruling, the appellant must provide a record that is sufficient to support her claims on appeal.  Arch Med. Assocs., Inc. v. Bartlett Health Enters., Inc., 32 Mass. App. Ct. 404, 406 (1992).  See Mass. R. A. P. 18 (a), as appearing in, 481 Mass. 1637 (2019). "[The] appellant's obligation to include those parts of the trial transcript and copies of motions 'which are essential for review of the issues raised on appeal . . . is a fundamental and

long-standing rule of appellate civil practice'" (citation omitted).  Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995).  "Pro se litigants are held to the same standards as practicing members of the bar."  Commonwealth v. Jackson, 419 Mass. 716, 719 (1995).  See Davis v. Tabachnick, 425 Mass. 1010, 1010 (1997) (pro se appellants held to same standards as litigants represented by counsel).  Because we cannot discern any error from the record provided by Dixon, we must affirm the order allowing the defendants' motion to dismiss for lack of personal jurisdiction.

Judgment affirmed.

By the Court (Henry, Smyth & Toone, JJ.[2]),

Clerk

Entered:  March 14, 2025.

---

[2] The panelists are listed in order of seniority.