TRACY METIVIER *vs.* MCDONALD'S CORPORATION. June 8, 1983. *Corporation*, Corporate entity. *Practice, Civil*, Service of process, Relief from judgment.

In 1979, the plaintiff brought an action against the defendant McDonald's Corporation, seeking damages for personal injuries. Some fifteen months later, service of process was made upon the defendant, according to the deputy sheriff's return, "by giving in hand to its agent, Arthur Butler, person in charge of its business," a copy of the complaint and summons. A judgment by default upon an assessment of damages was entered pursuant to Mass.R.Civ.P. 55(b)(2), 365 Mass. 822 (1974). Almost four years later, the defendant sought relief from the judgment by a motion under Mass.R.Civ.P. 60(b)(4), 365 Mass. 829 (1974), claiming that the judgment was void because the defendant had never been served. The motion judge denied the motion, and we reverse.

The defendant's motion, renewed after denial, was supported by affidavits setting forth the following facts. McDonald's Corporation is a Delaware corporation which by franchise permits operation of independent individual restaurants. McDonald's Corporation owns or has a leasehold interest in "virtually all" of that real estate which is used by its individual franchisees under the terms of the franchise agreement.

McDonald's System, Inc., is an Illinois corporation which, prior to its 1979 merger with McDonald's Corporation, was a wholly-owned subsidiary of it. McDonald's System, Inc., issued licenses to do business using McDonald's methods and trademarks, which, together with a lease issued by McDonald's Corporation (or another subsidiary), constituted a franchise for a particular McDonald's restaurant location.

McDonald's Restaurants of Massachusetts, Inc. (McDonald's Restaurants), is a Massachusetts corporation and a wholly-owned subsidiary of McDonald's Corporation. McDonald's Restaurants was franchised by McDonald's Corporation to own and operate its fifty-four "wholly-owned" restaurants in Massachusetts.

The affidavit of a director of McDonald's Corporation also set out that: (a) the two corporations, McDonald's Corporation and McDonald's Restaurants, file separate income and excise tax returns; (b) McDonald's Restaurants' name appears on the W-2 tax forms given by that corporation to its employees; (c) the real estate taxes for the location in question are paid by McDonald's Restaurants; (d) McDonald's Restaurants pays State payroll and sales taxes; (e) the managers of each location owned and operated by McDonald's Restaurants are employees of that corporation, and they have the authority to hire and fire crew personnel for the restaurant locations that they manage; (f) the two corporations file separate annual reports of condition with the Secretary of the Commonwealth; and (g) McDonald's Restaurants has its own separate corporate minute books and conducts annual meetings.

Arthur Butler, the person to whom the deputy sheriff gave a copy of the complaint and summons, signed an affidavit swearing to his employment by McDonald's Restaurants as a "swing-manager," a position which he described as requiring him to "monitor the crew and supervise[] their activity" when the manager and assistant manager were absent from the premises. Otherwise, he worked at the grille, cleaned tables, and took food orders.

The plaintiff presented no competing affidavits, but she did submit copies of various corporate documents which she alleges establish that "McDonald's Restaurants of Massachusetts, Inc. [is] the alter ego of McDonald's Corporation." These documents were examined by the motion judge and marked for identification in order that they might be made parts of the record on the motion. See Mass.R.A.P. 8(a), as appearing in 378 Mass. 932 (1979). The documents show (a) that in several instances a restaurant within the control of McDonald's Restaurants used the name

"McDonald's or McDonald's of Worcester" when seeking various permits; and (b) that several of the officers and directors of McDonald's Restaurants served in similar capacities with McDonald's Corporation.

1. Nothing in the documents submitted by the plaintiff refutes or contradicts the facts set out in the affidavits presented by the defendant. For the purpose of deciding the defendant's motions under rule 60(b)(4), the motion judge was required to accept as true the uncontroverted allegations recited in the defendant's affidavits. See *Farley* v. *Sprague,* 374 Mass. 419, 423-424 (1978). That being so, the record on these motions shows that McDonald's Restaurants and McDonald's Corporation are separate and distinct corporate entities. See and compare *My Bread Baking Co.* v. *Cumberland Farms, Inc.,* 353 Mass. 614, 619-620 (1968); *Gopen* v. *American Supply Co.,* 10 Mass. App. Ct. 342, 344-345 (1980).

2. Our conclusion that McDonald's Corporation is separate and distinct from McDonald's Restaurants makes it unnecessary for us to consider whether, as the plaintiff argues, there is a conflict between G. L. c. 223, §§ 37 & 38, and Mass.R.Civ.P. 4(d)(2), 365 Mass. 735 (1974). Moreover, we need not discuss the plaintiff's contentions that the defendant submitted its affidavits to the motion judge in an untimely fashion. See *Witzgall* v. *Witzgall,* 334 Mass. 365, 368 (1956) ("[Q]uestions of jurisdiction of a court over the subject matter or parties may be raised at any stage of the proceedings"). We also do not consider any claims or defenses that might be asserted by McDonald's Restaurants against the complaint as it is not a party, thus far, to this action.

3. As process was never served upon the defendant, the judgment is void. See *Gulda* v. *Second Natl. Bank,* 323 Mass. 100, 104 (1948); *Madden* v. *Madden,* 359 Mass. 356, 361 (1971); *Farley* v. *Sprague,* 374 Mass. at 420-421. See also Smith & Zobel, Rules Practice § 60.11, at 482 (1977). In these circumstances, it was error for the motion judge to deny the defendant's motions under rule 60(b)(4). See *Farley* v. *Sprague,* 374 Mass. at 425. See also *Thomas P. Gonzalez Corp.* v. *Consejo Nacional de Production de Costa Rica,* 614 F.2d 1247, 1255-1256 (9th Cir. 1980), quoting from 11 Wright & Miller, Federal Practice and Procedure § 2862, at 197 (1973); Smith & Zobel, Rules Practice § 60.11, at 481 (1977).

4. It follows from what we have said that the orders denying the defendant's motion (and supplementary motion) to vacate the judgment, remove the default judgment, and stay execution of the judgment are reversed.

*So ordered.*

*Peter B. Ellis* for the defendant.