USCA1 Opinion

 

 February 9, 1993 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-1226 RAYMOND RIVERA LOPEZ, ET AL., Plaintiffs, Appellees, v. MUNICIPALITY OF DORADO, Defendant, Appellant. ____________________ ERRATA SHEET The opinion of this Court issued November 17, 1992, is amended as follows: On cover sheet delete "Hon. Gilberto Gierbolini, U.S. District Judge" and insert "Hon. Justo Arenas, U.S. Magistrate Judge." November 17, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _____________________ No. 92-1226 RAYMOND RIVERA LOPEZ, ET AL., Plaintiffs, Appellees, v. MUNICIPALITY OF DORADO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Justo Arenas, U.S. Magistrate Judge] _____________________ ____________________ Before Breyer, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Carlos Lugo Fiol, Assistant Solicitor General, with whom Anabelle ________________ ________ Rodriguez, Solicitor General, and Reina Colan de Rodriguez, Deputy _________ __________________________ Solicitor General, were on brief for appellant. Arnaldo E. Granados with whom Ortiz Toro & Ortiz Brunet was on ___________________ __________________________ brief for appellees. ____________________ ____________________ ALDRICH, Senior Circuit Judge. Plaintiffs Raymond ____________________ Rivera Lopez, et al. brought this diversity tort action in the Puerto Rico District Court against the Municipality of Dorado by a complaint filed on October 18, 1990. The summons was allegedly served on one Jes s E. Palmer, Esquire, an attorney employed part-time by defendant. The local rule, adopted by the federal rule, provides for service upon the "chief executive [or] a person designated by him." Puerto Rico R. Civ. P. 4.4(h); Fed. R. Civ. P. 4(d)(6). Defendant failed to appear and, in due course, was defaulted. Thereafter, without any attempt having been made to notify defendant, a jury trial was held to determine damages. The jury having found $300,000, judgment was entered accordingly for plaintiffs, but, within 10 days, defendant appeared specially and moved to remove the default and to vacate the judgment. Affidavits were submitted, hereinafter described. Defendant's motion was referred to a magistrate judge who, according to plaintiffs' brief, "had the discretion and opportunity to consider the credibility of the testimonies that the court had before it." This is not, however, what he did. Rather, recognizing that both the mayor and attorney Palmer had filed affidavits to the effect that Palmer lacked authority to receive service -- Palmer adding that he had so informed the process server -- the magistrate invoked, instead, the doctrine of estoppel. On -3- three previous occasions defendant had not complained of service that had been made on persons other than the mayor.1 Relying on this showing, the magistrate said, "The estoppel doctrine . . . arises out of the general principle of equity that requires one to proceed in good faith in juridical affairs. . . . The previous unconditional submissions to the jurisdiction of the court . . . are an implicit authorization to any complainant to follow the same procedure. . . . [T]he defendant is estopped by its previous acts." This was a grossly enlarged view. A party claiming estoppel must show reliance, to his detriment, on a misrepresentation of facts. See Heckler v. Community Health ___ _______ ________________ Services of Crawford City, Inc., 467 U.S. 51, 59 (1984); K- ________________________________ __ Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 912 (1st ___________ _____________________ Cir. 1989). There was no testimony that either plaintiffs or the process server relied on, or even knew of, the previous occurrences on which the magistrate predicated estoppel. While, as the magistrate said, estoppel is based on fairness, plaintiffs cannot claim unfairness by reason of something of which they were ignorant. We would add that this is not an estoppel case in any event. The acceptance of service in prior cases ____________________ 1. In unrelated suits, brought by other parties, defendant had appeared without contest when the service had been upon Mr. Palmer's secretary, defendant's Finance Director, and Mr. Palmer. -4- unconnected with plaintiff might have been specially authorized, or defendant, having knowledge, might have chosen to waive formalities. It should not be precluded from doing this at the cost of a general representation to the public. The issue here is a factual one of authority. In view of its importance, there should be a hearing on live testimony, not on conflicting affidavits. We, of course, express no opinion, but, in connection with the admissibility of the process server's testimony that Palmer stated he was authorized, we call attention to Fed. R. Evid. 801(d)(2)(D). Though cast as a rule of evidence, this is a recital of, not a change in, the law of agency. See Union Mutual Life Ins. ___ ______________________ Co. v. Chrysler Corp., 793 F.2d 1, 8 (1st Cir. 1986). Also ___ ______________ we note the fact that, once challenged, plaintiffs have the burden of proving proper service. Saez Rivera v. Nissan Mfg. ___________ ___________ Co., 788 F.2d 819, 821 n.2 (1st Cir. 1986); Aetna Business ___ ______________ Credit, Inc. v. Universal Decor & Exterior Design, Inc., 635 ____________ ________________________________________ F.2d 434, 435 (5th Cir. 1981). Finally, we believe that, as a matter of appearances, the new hearing should be before a new judge or magistrate. Cf. Mass. Dist. Ct. Local Rule ___ 40.1(i). Reversed and remanded for further proceedings in ___________________________________________________ accordance herewith. ___________________ -5-