WENDY L. FLEISHMAN *vs.* JASON L. STONE, trustee.[1] No. 01-P-680. February 27, 2003. *Judgment,* Default. *Practice, Civil,* Default, Service of process.

This is an appeal by Jason L. Stone (Stone), the former trustee of Joshua's Realty Trust, from the denial of his motion, filed on November 10, 2000, under Mass.R.Civ.P. 60(b)(4), 365 Mass. 828 (1974), to vacate a default judgment entered in the Land Court on June 28, 1991. Stone claims that the judgment is void, as he was never personally served and had no notice of the proceedings until August, 2000. We reverse the order of the Land Court denying Stone's motion and remand for further proceedings.

The default judgment was entered in an action brought by the plaintiff seeking a declaration that a mortgage given to the trustee by a predecessor in title to the plaintiff had been discharged. The issue before us is whether the ensuing judgment declaring the mortgage discharged was void for lack of personal service. If so, the judgment must be vacated, as "[a] judge has no discretion to deny a request for relief from [a void] judgment brought under rule 60(b)(4)." *Colley* v. *Benson, Young & Downs Ins. Agency, Inc.,* 42 Mass. App. Ct. 527, 533 (1997).

A deputy sheriff in Connecticut submitted a return of service which, in relevant part, stated, "On the 10th day of January, 1991, I served a true and attested copy of a summons and complaint upon the defendant: Jason L. Stone, Trustee of Joshua's Realty Trust, by delivering same to him, in hand at 384 Greens Farm Road, Westport, Connecticut."

Affidavits were filed by, inter alia, Stone and Ronald M. Stone, the sole beneficiary of the trust. Stone's affidavit, dated October 28, 2000, asserted that he had never been served with the complaint, and that he had never resided at 384 Greens Farm Road. He appended to his affidavit material showing where he lived during the period of the underlying proceedings in the Land Court as well as a list of all of his residential addresses beginning in 1974 to the present. None were at 384 Greens Farm Road. Stone filed an additional affidavit, dated February 9, 2001, stating that he had just learned that the owner in 1991 of the property located at 384 Greens Farm Road was Joan L. Stone, a woman who was not related to him by blood or marriage. His former wife's name was Ellen Stone, and they were divorced in 1985.

"Nothing in the documents submitted by the plaintiff refutes or contradicts the facts set out in the affidavits presented by the defendant. For the purpose of deciding the defendant's motions under rule 60(b)(4), the motion judge was required to accept as true the uncontroverted allegations recited in the defendant's affidavits. See *Farley* v. *Sprague,* 374 Mass. 419, 423-424 (1978)." *Metivier* v. *McDonald's Corp.,* 16 Mass. App. Ct. 916, 918 (1983).

That the deputy sheriff's affidavit says he delivered the summons and complaint in hand is only prima facie evidence that the defendant was served, see *Johnson* v. *Witkowski,* 30 Mass. App. Ct. 697, 714 (1991), and does not warrant the denial of the motion to vacate. "The text of the deputy sheriff's affidavit does not state with any specificity what investigation he made to verify" that Jason Stone was the person to whom he gave the summons and complaint. *Konan* v. *Carroll,* 37 Mass. App. Ct. 225, 229 (1994). It merely states "in a perfunctory fashion" that he served Stone in hand. *Ibid.* "In essence, it does not controvert [Stone's] affidavits." *Ibid.*

---

[1]Stone was the former trustee of Joshua's Realty Trust. The current trustee is Paul N. Levenson.

Accordingly, the order of February 20, 2001, is vacated, and a new order is to enter vacating the default judgment. The matter is remanded to the Land Court for further proceedings consistent with this opinion.

*So ordered.*

*Lawrence L. Blacker* for the defendant.
*Kenneth M. Goldstein* for the plaintiff.