Curtin, J.
The defendant has appealed the denial of his Mass. R Civ. R, Rule 60(b) (4), motion for relief from a default judgment Given the uncontroverted evidence that the defendant was never served, we reverse the denial of the defendant’s motion.
Plaintiff Anthony Bonadio (“Bonadio”) alleged in his complaint that he hired defendant Frank Iebba, doing business as Essex Engineering and Survey (“Iebba”), to complete a site plan for a parcel of land in Newton, that Iebba failed to provide a complete plan, and that Bonadio incurred additional charges in obtaining a revised site plan for the property. Service of process was made by leaving the summons and complaint at 34 Farwell Street in Newton. Upon Iebba’s failure to answer the complaint, Bonadio obtained a default judgment against him.
Iebba filed a motion to vacate the default judgment pursuant to Mass. R. Civ. P., Rule 60(b)(3) which, as noted, the trial court denied.[2] In a supporting affidavit, Iebba asserted that he is a resident of New Hampshire and did not receive the service made at 34 Farwell Street in Newton because he did not have a place of business at that location. Both Bonadio and his attorney filed affidavits in opposition to Iebba’s Rule 60(b) motion which indicated that the address on Iebba’s stationery and business cards was a post office box, and that Bonadio’s attorney had *20 obtained the Farwell Street address by doing an internet search.
Iebba stated in his Rule 60(b) motion that his business, Essex Engineering, was incorporated at the time he contracted with Bonadio. He submitted documents from the Massachusetts Secretary of State’s office which establish, however, that the business was not incorporated until April 29, 2004, after the issuance of a March 26, 2004 invoice by Essex to Bonadio for preparation of the site plan. Thus, the corporation did not exist at the time the parties first entered into their agreement, and Bonadio contracted with Iebba as an individual. Bonadio was obligated, therefore, to comply with the requirements set forth in Mass. R. Civ. P., Rule 4(d) (1), for personal service on an individual defendant. Rule 4(d) (1) provides that service may be made by delivering a copy of the summons and the complaint to a defendant personally, or “by leaving copies thereof at his last and usual place of abode.” The sheriffs return indicated that copies of the summons and complaint were left at 34 Farwell Street, and the return is prima facie evidence of the truth of that assertion. See Hanover Ins. Co. v. Viera, 2004 Mass. App. Div. 199, 200. It was Iebba’s burden to demonstrate that service was not effected in accordance with Rule 4 (d) (1). The law is clear that if Iebba was never personally served and had no knowledge of this lawsuit, the judgment entered against him was void for lack of personal jurisdiction and must be vacated. Fleishman v. Stone, 57 Mass. App. Ct. 916 (2003). “A judge has no discretion to deny a request for relief from [a void] judgment brought under Rule 60(b) (4).” Colley v. Benson, Young & Downs Ins. Agency, Inc., 42 Mass. App. Ct. 527, 533 (1997).
As noted, Iebba filed an affidavit in support of his motion to vacate stating that he was a resident of New Hampshire and that he never received a copy of the summons or complaint left at, and also mailed to, 34 Farwell Street in Newton. He further averred that on June 30, 2003, prior to the date of service, he moved his business from 34 Farwell Street to 1185 Washington Street, #2, Newton, Massachusetts. As evidence of that move, Iebba submitted a letter from his former landlord stating that Iebba rented 34 Farwell Street to him as a place of business until June 30,2003 and that Iebba had not lived or rented at that address since that date. The landlord’s letter was not in affidavit form and was not signed under the pains and penalties of perjury. However, while a “court is not in fact required to consider evidence or assertions which are not in affidavit form (emphasis in original)” in deciding a Rule 60(b) motion, Fleet Nat'l Bank v. Smith, 1999 Mass. App. Div. 163, 164, judges are free to consider such evidence if they so choose and to afford it the weight they see fit. Tateosian v. Chakarian, 1999 Mass. App. Div. 144, 145. Further, Iebba filed a copy of a lease executed between him and a new landlord in June of 2003 for commercial space at 1185 Washington Street in Newton. The lease stands as additional evidence that Iebba (and/or his business) was no longer occupying the Farwell Street premises when he entered into a contract with Bonadio, much less on the later date when Bonadio attempted to serve him at that address. Iebba also submitted corporate documents, an “Application for Employer Identification Number” and “Articles of Organization,” which indicated that Iebba’s business was located at 1185 Washington Street by the time he contracted with Bonadio.
Bonadio’s counsel claims that he discovered the old 34 Farwell Street address by performing an online search at www.whitepages.com. In fact, in his affidavit, Bonadio makes it clear that “[a]t no time prior to filing his Motion to Remove the Default did Mr. Iebba provide [Bonadio] with any document, invoice, business card or any other information containing an address for either himself or his business other that (sic) a post office box.” Thus, Bonadio readily admits that he did not know Iebba’s actual address until after service was attempted; and it is clear that he relied solely on his internet search in directing that process be served at an incorrect address.
Nothing in Bonadio’s submissions to the trial court contradicted Iebba’s averments that he did not reside, or have an office, at the Farwell Street address at the time of service; that he was not personally served with the summons and com *21 plaint; and that he was not aware of this litigation. “For the purpose of deciding the defendant’s motion [] under rule 60(b) (4), the motion judge was required to accept as true the uncontroverted allegations recited in the defendant’s affidavits.” Fleishman v. Stone, supra at 916, quoting Metivier v. McDonald’s Corp., 16 Mass. App. Ct. 916, 918 (1983). Based on Iebba’s uncontroverted averments, the default judgment entered against him was void and must be vacated.
The denial of the defendant’s Rule 60(b) (4) motion for relief from judgment is reversed, and the default judgment entered for the plaintiff is vacated.
So ordered.

 Although Iebba’s motion is captioned as one for Rule 60 (b) (3) relief, the substance of the motion alleging Bonadio’s failure to serve him with process is a Rule 60(b) (4) request to vacate a void judgment. We treat it as such. Honer v. Wisniewski, 48 Mass. App. Ct. 291, 294 (1999); Dombrowski v. Cronin, 2001 Mass. App. Div. 194, 195.