NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

14-P-1184                                        Appeals Court


MARY-PAT UZOMA  vs.  AUGUSTINE I. OKEREKE.


No. 14-P-1184.

Norfolk.     April 13, 2015. - September 11, 2015.

Present:  Grainger, Rubin, & Blake, JJ.


Divorce and Separation, Relief from judgment.  Probate Court,
    Judgment.  Judgment, Relief from judgment.  Practice,
    Civil, Service, Vacation of judgment.


     Complaint for annulment filed in the Norfolk Division of
the Probate and Family Court Department on July 13, 2010.

     A motion to vacate judgment, filed on August 26, 2013, was
heard by George F. Phelan, J.


     Harold N. Robertson for the husband.
     Thomas Arthur Hensley for the wife.


     RUBIN, J.  The plaintiff filed a complaint for annulment,

and a motion for service of the complaint by publication, in the

Probate and Family Court on July 13, 2010.  On that same day a

judge of that court allowed the motion for service by

publication, endorsed the motion by noting "service is waived"

(emphasis in original), and entered a judgment of annulment.

There is no indication in the record of the basis upon which the judge waived the requirement of service.

The defendant learned of the annulment in 2012. The next year, he sought relief in the Probate and Family Court, ultimately filing an amended motion under Mass.R.Dom.Rel.P. 60(b)(4) to vacate the judgment. The first judge having retired, a second judge of that court denied that motion.

Service in this case was inadequate to provide the notice of the action required by principles of due process. See, e.g., Wang v. Niakaros, 67 Mass. App. Ct. 166, 172 (2006) ("[A]cquisition of personal jurisdiction over a defendant cannot be satisfied without proper service of process or an appropriate substitute"). Consequently, the judgment is void. See, e.g., id. at 169 ("If a judgment is void for lack of subject matter or personal jurisdiction, or for failure to conform to the requirements of due process of law, the judge must vacate it"). The main thrust of the plaintiff's argument is that because of the delay between the defendant's receiving actual notice of the judgment and his actions seeking to vacate that judgment, he waived his entitlement to vacatur under rule 60(b)(4).

The underlying judgment in this case is void. There is no time limit with respect to rule 60(b)(4) motions based on void judgments. See, e.g., Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 31 (1983) ("Notwithstanding the powerful

interest in finality of judgments, a motion for relief from a judgment which was void from its inception lies without limitation of time").  The question is not one of waiver by the defendant of a right, but of a lack of authority on the part of the court to have issued the underlying judgment.  Because the judgment is void, no action by the defendant in delaying his challenge can render it valid.

The order denying the motion to vacate the judgment is therefore reversed.

So ordered.