The plaintiff appeals from the denial of his 2016 motion for relief from judgment pursuant to Mass.R.Civ.P. 60(b)(4) and 60(b)(5), 365 Mass. 828 (1974). The motion sought relief from a 1994 order allowing the defendant's motion for relief from judgment and a subsequent 1996 order enforcing a settlement agreement.[2] Two prior rule 60(b) motions filed by the plaintiff were denied in 1997 by two different Superior Court judges.[3] In 2016, a third Superior Court judge denied the plaintiff's motion at issue here, stating:
"Two prior judges of this court have denied the plaintiff's belated attempts to reopen his case as untimely and lacking in merit. Now there is a third to conclude the same and offer the additional rationale that the plaintiff's renewed attempt to reopen the case is issue precluded."
We affirm.
1. Motion for relief from judgment. To prevail on a motion pursuant to Mass.R.Civ.P. 60(b)(4),[4] the plaintiff must demonstrate that the "judgment is void for lack of subject matter or personal jurisdiction, or for failure to conform to the requirements of due process of law." Wang v. Niakaros, 67 Mass. App. Ct. 166, 169 (2006). The plaintiff's motion below and his brief to this court argue that the Superior Court judge erred by allowing the defendant's 1994 motion for relief from judgment pursuant to rule 60(b)(5), as that rule did not properly apply to the relief sought in the motion. Nothing in this record suggests that the defendant's motion for relief from judgment was pursuant to rule 60(b)(5), nor did the plaintiff pose any procedural objection at the time. In any event, the plaintiff makes no showing that, at the time the decisions were rendered (or any time thereafter), the court lacked personal or subject matter jurisdiction, or that any of its proceedings failed to comply with the due process of law.[5] Rather, the plaintiff's argument amounts to a challenge to the legal basis of the judge's 1994 order. Such a challenge does not render the order void. See Bowers v. Board of Appeals of Marshfield, 16 Mass. App. Ct. 29, 33 (1983) (allegedly erroneous judgment "is not susceptible to attack as void"). Accordingly, the plaintiff's motion was properly denied.
To the extent the plaintiff's motion sought relief from judgment pursuant to Mass.R.Civ.P. 60(b)(5), that subsection has no apparent applicability here, and the plaintiff provides no separate argument on appeal concerning it. The issue, therefore, is waived. See Doe v. New Bedford Hous. Authy., 417 Mass. 273, 279 n.7 (1994). To the extent the plaintiff's brief seeks relief pursuant to Mass.R.Civ.P. 60(b)(6), 365 Mass. 828 (1974), that argument was not made below and may not be raised for the first time on appeal. See Gaw v. Sappett, 62 Mass. App. Ct. 405, 410 (2004). In any event, the plaintiff has failed to establish that any such motion seeking relief under either rule 60(b)(5) or (6), filed more than twenty years after the orders complained of, was filed within a reasonable time. See Gath v. M/A-Com, Inc., 440 Mass. 482, 497 (2003).
2. Attorney's fees. The defendant has requested appellate attorney's fees, not to exceed $2,500, in its brief on the ground that the appeal is frivolous. We agree, and we award attorney's fees pursuant to Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979). See Worcester v. AME Realty Corp., 77 Mass. App. Ct. 64, 72-73 (2010).[6] Accordingly, in conformance with the procedure described in Fabre v. Walton, 441 Mass. 9, 10-11 (2004), the defendant shall, within fourteen days of the date of the rescript, file with this court and serve on the plaintiff a motion for determination of appellate attorney's fees and costs, supported by an affidavit detailing such fees and costs. The plaintiff may, within fourteen days thereafter, file with this court and serve on the defendant any opposition.
Order entered November 17, 2016, denying motion for relief from judgment affirmed.

The parties entered into a settlement agreement after the insurer successfully moved to reduce the damages contained in the original judgment. The settlement agreement relinquished the plaintiff's right to appeal from the 1994 judgment.

The docket reflects that the plaintiff filed a motion for relief from judgment on January 28, 1997, which was denied on February 20, 1997. He filed another motion for relief from judgment on May 28, 1997. A different Superior Court judge denied that motion on June 2, 1997, finding it "duplicative[,] untimely[,] and utterly without merit."

Although the motion was filed more than twenty years after the orders at issue entered, there is no time limit for a motion for relief from a void judgment pursuant to rule 60(b)(4). Uzoma v. Okereke, 88 Mass. App. Ct. 330, 331 (2015).

The plaintiff's brief states that the enforcement of the settlement agreement deprived him of his right to appeal. In fact, a judge found after a full hearing that the plaintiff agreed not to appeal as part of a settlement agreement, and the plaintiff enjoyed a full appeal of that decision. Ransow v. Aetna Cas. & Sur. Co., 42 Mass. App. Ct. 1110 (1997).

In our discretion, we award only single costs, as we believe that an award of attorney's fees will suffice to deter further frivolous appeals.