MASSING, J.
*111 When a defendant files a motion for relief from a default judgment under Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), alleging that the judgment is void because of improper service of process, the judge is bound to accept the defendant's uncontroverted affidavits as true. In this appeal, the defendant, Tenacity Construction Incorporated (Tenacity), asserts that the sheriff's return of service did not controvert the affidavits Tenacity offered in support of its motion, and that the judge therefore lacked the discretion to deny the motion solely because he disbelieved the affidavits. Because we conclude that the motion should not have been denied on the affidavits and that further proceedings are necessary to determine whether relief from the *112 default judgment is warranted, we vacate the order denying the motion and remand for an evidentiary hearing.
Background. 1. The plaintiff's allegations. The plaintiff, George P. Dumas, III, alleged that on January 13, 2014, he was working for Dumas Roofing Company, Inc., on a construction project in Northborough. Tenacity was the general contractor. While Dumas was climbing a ladder, another subcontractor's vehicle struck the building, causing shingles to fall from the roof. The shingles knocked Dumas off the ladder and onto the ground, causing serious injury.
2. Proceedings: default judgment. Dumas filed a complaint in the Superior Court on September 26, 2014, alleging that Tenacity was negligent in its oversight and supervision of the project. On November 24, 2014, Deputy Sheriff Kevin Monahan filed a return of service stating that on November 4, 2014, he served the summons and complaint "by delivering in hand to *714 Mark Foley, person in charge[1 ] at the time of service for Tenacity Construction Incorporated, 194 Newbury Street Apartment 7 Peabody, MA 01960."
Tenacity did not respond to the complaint. On December 24, 2014, at Dumas's request, the clerk entered a default. See Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974). Dumas then filed motions for a hearing to assess damages and for the entry of a default judgment under Mass. R. Civ. P. 55 (b) (2), as amended, 463 Mass. 1401 (2012). Following a number of continuances, the judge held a hearing on March 3, 2016 -- Tenacity did not participate -- and on May 17, 2016, issued a memorandum and order assessing Dumas's damages at $ 3,256,300. A default judgment entered on July 19, 2016, and a writ of execution issued on September 6, 2016, in the amount of $ 3,450,901.21, reflecting the addition of prejudgment and postjudgment interest.
3. Motion for relief from judgment. Tenacity received a demand for payment of the judgment on October 3, 2016, which it claimed was its first notice of the lawsuit. On January 30, 2017, Tenacity filed the motion for relief from default judgment that is the subject of this appeal. Tenacity supported its motion with the affidavits of Arthur Pimental and Mark Foley.
Pimental, Tenacity's president and registered agent, averred that Tenacity employed Mark Foley -- the individual the deputy sheriff *113 identified in his return of service -- as a senior project manager. Pimental stated that Foley was never the person in charge of Tenacity at the 194 Newbury Street address.[2] Rather, Pimental stated, "On November 4, 2014, I was the person in charge of the business for Tenacity Construction at 194 Newbury Street, Peabody, Massachusetts." Pimental further stated that Tenacity's officer manager, Catherine Buckley, would have been responsible for forwarding notice of any lawsuit to Tenacity's insurance agent. Although Buckley no longer worked at Tenacity, Pimental reviewed Buckley's files and e-mails and "found no record of the lawsuit." In thirteen numbered paragraphs, Pimental specifically denied receipt or knowledge of a number of papers and events concerning the lawsuit, from the summons and complaint in November 2014 through the assessment of damages and entry of judgment in July 2016. He stated that the demand for execution, which Tenacity received on October 3, 2016, was his first notice of the lawsuit.
Foley stated in his affidavit that he was a senior project manager but had never been the person in charge of the business at the Newbury Street address. He "d[id] not recall being served" with the summons and complaint and was unaware of any court order, court hearing, or correspondence related to the suit prior to October 3, 2016. Foley stated that if he had been served, he would have given the summons and complaint to the office manager, Buckley. According to both Foley and Pimental, Tenacity retained any information about a project, including information about onsite injuries, in a file kept in a three-ring binder. Both Foley and Pimental reviewed the binder for the project Dumas worked on but did not find any documents concerning the lawsuit.
*715 Dumas opposed Tenacity's motion with the deputy sheriff's return of service. In addition, Dumas submitted copies of notices, motions, and correspondence addressed to, or indicating service upon, Pimental or Tenacity, together with the affidavit of Dumas's attorney, who described the various notices, motions, and letters he had sent or served after the complaint was filed.
The judge held a nonevidentiary hearing on Tenacity's motion for relief from judgment. The judge denied the motion, concluding that the deputy sheriff's return of service constituted prima facie evidence of service, which Tenacity had failed to overcome. The judge reasoned that Foley's statement that he did "not remember *114 being served" did not directly contradict the return of service. In addition, the judge discredited Tenacity's representations that Foley was not the person in charge. The judge disbelieved Foley's statement to this effect because it was conclusory, and he did not set forth specific facts explaining why a senior manager would not be in charge of the business. As to Pimental's affidavit, the judge compared Dumas's attorney's account of having sent Tenacity notices and correspondence regarding the litigation with Pimental's denials of having received any, and concluded that the attorney was more credible; accordingly, the judge found that Pimental's "incredible denials undermine[d] the believability" of his statement that Foley was not the person in charge. Finding "no credible evidence" that Foley was not served and was not the person in charge at the time of service, the judge concluded that Tenacity had failed to carry its burden of proving that service was improper.
Discussion. 1. Challenging service of process. After entry of a final judgment in the trial court, a party may file a motion for relief from that judgment on various grounds, including, as relevant here, when "the judgment is void." Mass. R. Civ. P. 60 (b) (4). A default judgment is void if the defendant has not been properly served with process. See Uzoma v. Okereke, 88 Mass. App. Ct. 330, 330-331, 37 N.E.3d 654 (2015) ; Wang v. Niakaros, 67 Mass. App. Ct. 166, 169, 172, 852 N.E.2d 699 (2006) ; Fleishman v. Stone, 57 Mass. App. Ct. 916, 916, 784 N.E.2d 20 (2003). While most rule 60 (b) motions are addressed to the motion judge's discretion, see Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 227, 386 N.E.2d 211 (1979), a judge has no discretion to deny a request for relief from a void judgment and must vacate it. See Wang, supra at 169, 852 N.E.2d 699 ; Fleishman, supra. Consequently, we review de novo the denial of a rule 60 (b) (4) motion. Compare Sullivan v. Smith, 90 Mass. App. Ct. 743, 746-747, 65 N.E.3d 1221 (2016) (de novo review of rule 60 [b] [4] motion for lack of personal jurisdiction).
In general, the plaintiff bears the burden of establishing the validity of service of process. See Homer v. Jones-Bey, 415 F.3d 748, 754 (7th Cir. 2005) ; Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992) ("once challenged, plaintiffs have the burden of showing proper service").[3] Compare Nichols Assocs. v. Starr, 4 Mass. App. Ct. 91, 93, 341 N.E.2d 909 (1976) ("[A]
*115 plaintiff confronted with a Rule 12 (b) (2) motion has the burden of establishing the facts upon which the question of personal jurisdiction over a defendant is to be determined").
*716 The plaintiff's submission of the return of service establishes prima facie evidence that service was validly made. See Johnson v. Witkowski, 30 Mass. App. Ct. 697, 714, 573 N.E.2d 513 (1991). See also Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008) ; O'Brien v. R.J. O'Brien & Assocs., 998 F.2d 1394, 1398 (7th Cir. 1993). The defendant can rebut the prima facie evidence with sufficiently detailed affidavits. See Farley v. Sprague, 374 Mass. 419, 424, 372 N.E.2d 1298 (1978) ; Konan v. Carroll, 37 Mass. App. Ct. 225, 229, 638 N.E.2d 936 (1994). See also Blair, 522 F.3d at 112 ("Under Massachusetts law, an affidavit is sufficient to refute the prima facie presumption created by a return of service").[4] At that point, the plaintiff must carry the ultimate burden of proving proper service. See id. ; Rivera-Lopez, 979 F.2d at 887 ("once challenged, plaintiffs have the burden of proving proper service").
Service of process on a domestic corporation is governed by G. L. c. 223, § 37, which states that "service shall be made upon the president, treasurer, clerk, resident agent appointed pursuant to [c. 156D, part 5], cashier, secretary, agent or other officer in charge of its business," and by Mass. R. Civ. P. 4 (d) (2), as amended, 370 Mass. 918 (1976), which requires service "to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any." Dumas asserted that he accomplished service by hand on Foley as "the person in charge" at Tenacity's principal place of business. Tenacity supported its rule 60 (b) (4) motion with affidavits that contested both the fact of service and Foley's status as the person in charge.
2. Sufficiency of defendant's affidavits. Historically, and particularly in the context of motions for new trial, judges were "not bound by or required to believe allegations in affidavits accompanying motions." Farley, 374 Mass. at 423, 372 N.E.2d 1298. See Commonwealth v. Dubois, 451 Mass. 20, 29, 883 N.E.2d 276 (2008) (in considering motion for *116 new trial in criminal case, judge not required to credit defendant's affidavit, even if undisputed). However, "[f]or the purpose of deciding the defendant's motions under rule 60 (b) (4), the motion judge [is] required to accept as true the uncontroverted allegations recited in the defendant's affidavits." Metivier v. McDonald's Corp., 16 Mass. App. Ct. 916, 918, 449 N.E.2d 1241 (1983). See Farley, 374 Mass. at 423-425, 372 N.E.2d 1298. As relevant here, Tenacity's affidavits set forth in detail that Foley was not the "person in charge" at Tenacity's principal place of business on the relevant date; that Pimental was; and that Buckley, the office manager, was responsible for legal correspondence.
The deputy sheriff's return of service, without more, was insufficient to controvert these representations. The return of service "is only prima facie evidence that the defendant was served, and does not warrant the denial of [a properly supported] motion to vacate." Fleishman, 57 Mass. App. Ct. at 916, 784 N.E.2d 20, citing Johnson, 30 Mass. App. Ct. at 714, 573 N.E.2d 513. The deputy sheriff's statement that he served the summons and complaint "by delivering in hand to Mark *717 Foley, person in charge," merely recited the language of the rule. Compare Mass. R. Civ. P. 4 (d) (2) (service to be made "by delivering a copy of the summons and of the complaint ... to the person in charge"). The deputy sheriff's return "does not state with any specificity what investigation he made to verify," Konan, 37 Mass. App. Ct. at 229, 638 N.E.2d 936, either that Foley was the person in charge or "was the person to whom he gave the summons and complaint." Fleishman, 57 Mass. App. Ct. at 916, 784 N.E.2d 20. "[M]erely stating in a perfunctory fashion" the manner of service "does not controvert the defendants' affidavits." Konan, 37 Mass. App. Ct. at 229, 638 N.E.2d 936. See Metivier, 16 Mass. App. Ct. at 916-918, 449 N.E.2d 1241 (defendant franchisor's affidavits showing that it and franchisee were separate and distinct corporate entities, and that person served with process was "swing-manager" at restaurant operated by franchisee, not controverted by deputy sheriff's return stating that person served was "person in charge" of franchisor's business). Contrast Old Republic Ins. Co. v. Pacific Fin. Servs., 301 F.3d 54, 56-58 (2d Cir. 2002) (general denials in defendant's affidavit insufficient to rebut process server's sworn statement that he served defendant "in the person of Larry Higgins, who was identified to me by company security as an officer of the corporation").
Because the return did not controvert Tenacity's sworn statements that Foley was not the person in charge at the time of service, the judge was not free simply to reject Foley's and Pimental's *117 affidavits in this regard. See Farley, 374 Mass. at 424, 372 N.E.2d 1298 ; Metivier, 16 Mass. App. Ct. at 918, 449 N.E.2d 1241. We acknowledge that Foley's statement that he "did not recall" being served does not directly controvert the deputy sheriff's affidavit. However, even assuming Foley was served, the statements in Tenacity's affidavits that Foley was not the person in charge remain uncontroverted. We also acknowledge that the affidavit of Dumas's attorney, stating that he had sent certain notices and correspondence to Pimental, tended to contradict Pimental's sworn statement that he did not receive such notices and correspondence. While this factual dispute may have warranted further inquiry, it did not give the judge discretion to discredit Pimental's uncontroverted assertion of Foley's status.
Once Tenacity's affidavits rebutted the deputy sheriff's perfunctory return of service, the burden of persuasion rested with Dumas. The judge, however, relied on Hennessey v. Stop & Shop Supermarket Co., 65 Mass. App. Ct. 88, 92, 836 N.E.2d 1135 (2005), for the proposition that "[t]he burden was on the defendant to show that the person served was not a proper agent for service of process," and he denied the motion based on his determination that Tenacity had failed to carry its burden.
Hennessey concerned a motion to dismiss under Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988), for failure to serve the summons and complaint within ninety days of the filing of the complaint. Id. at 90, 836 N.E.2d 1135. The defendant claimed that the plaintiff had served the wrong corporate entity, but produced no evidence to rebut the deputy sheriff's return of service.[5] We read Hennessey as applying the rule that once the plaintiff has submitted prima facie evidence in the form of a return of service, the defendant bears the burden of production to rebut the prima facie evidence of service. If the defendant is successful, *718 however, the plaintiff must carry its burden of proving proper service. See Mass. G. Evid. § 301 (c) (2018). See also Blair, 522 F.3d at 112 ; Rivera-Lopez, 979 F.2d at 887. This allocation of the burdens of production and persuasion is consistent with our policy that "any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits." *118 Ceruolo v. Garcia, 92 Mass. App. Ct. 185, 189, 83 N.E.3d 179 (2017), quoting Reporter's Notes to Rule 55, Massachusetts Rules of Court, Rules of Civil Procedure, at 84 (Thompson Reuters 2017).
3. Further proceedings. While we conclude that the denial of the defendant's motion for relief from the judgment cannot be sustained on the record before us, we further conclude that the record is not sufficient to require allowance of the motion. See Robinson Eng'g Co., Ltd. Pension Plan & Trust v. George, 223 F.3d 445, 453 (7th Cir. 2000) (considering whether to order trial judge to set aside default judgment or first hold evidentiary hearing on adequacy of service). To date, Massachusetts appellate cases that have reversed the denial of rule 60 (b) (4) motions based on the defendant's uncontroverted affidavits have all ordered the trial judge to set aside the default. In those cases, however, the defendants' affidavits presented what the reviewing courts took as conclusive evidence that the defendant did not reside at the address where service was made, see Farley, 374 Mass. at 420, 425, 372 N.E.2d 1298 ; Fleishman, 57 Mass. App. Ct. at 916, 784 N.E.2d 20 ; Konan, 37 Mass. App. Ct. at 226, 638 N.E.2d 936 ; or that the wrong corporate entity had been served, see Metivier, 16 Mass. App. Ct. at 918, 449 N.E.2d 1241. Tenacity's showing in this case is not so unassailable, in our view, as to warrant relief from the judgment without further proceedings.
Tenacity's uncontroverted affidavits required Dumas to prove that service of process was properly made. The denial of Tenacity's rule 60 (b) (4) motion, however, foreclosed further evidentiary development. Dumas should be given an opportunity to offer evidence to show that Foley was served and was the person in charge or, in the alternative, had apparent authority to accept service on behalf of Tenacity.[6] Moreover, to the extent the evidence on these issues is disputed and their resolution turns on questions of credibility, an evidentiary hearing is necessary. See Durukan Am., LLC v. Rain Trading, Inc., 787 F.3d 1161, 1164 (7th Cir. 2015) (disputed factual issues created by affidavits "could not be resolved without an evidentiary hearing").
*119 On remand, the judge may exercise discretion to allow the parties limited discovery to develop the facts surrounding the service of process, and Foley's status,[7] more fully. See Blair, 522 F.3d at 110-111. Questions of credibility, however, must be determined after an evidentiary hearing with live testimony. See id. at 114 ;
*719 Rivera-Lopez, 979 F.2d at 887 ("The issue here is a factual one of authority. In view of its importance, there should be a hearing on live testimony, not on conflicting affidavits").
We comment briefly on one additional issue that may arise on remand. There is a suggestion on the record that Tenacity may have had actual notice of the lawsuit and deliberately ignored it -- a possibility that understandably rankled the judge. Such facts, if proved, might provide an independent basis warranting denial of Tenacity's motion for relief from the judgment. See Jones v. Boykan, 79 Mass. App. Ct. 464, 469, 947 N.E.2d 87 (2011), S.C., 464 Mass. 285, 982 N.E.2d 1093 (2013) (judgment not void for improper service where defendant "had at all material times adequate notice of the complaint and a meaningful opportunity to be heard in answer to the claims raised"); Wang, 67 Mass. App. Ct. at 171, 852 N.E.2d 699, and cases cited therein.
Conclusion. The order denying Tenacity's rule 60 (b) (4) motion *120 for relief from judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.
So ordered.

Under Mass. R. Civ. P. 4 (d) (2), as amended, 370 Mass. 918 (1976), service upon a corporation may be made "by delivering a copy of the summons and of the complaint to an officer, to a managing or general agent, or to the person in charge of the business at the principal place of business thereof within the Commonwealth, if any."

Tenacity acknowledged that this was its principal place of business.

We generally follow the Federal courts' interpretations of cognate Federal rules. See Hermanson v. Szafarowicz, 457 Mass. 39, 49, 927 N.E.2d 982 (2010) ; Raposo v. Evans, 71 Mass. App. Ct. 379, 383, 882 N.E.2d 356 (2008).

The traditional common-law rule was that the sheriff's return of service was "conclusive" as between the parties and their privies, and the remedy for an erroneous return of service was a lawsuit against the sheriff. See, e.g., Union Sav. Bank v. Cameron, 319 Mass. 235, 236, 65 N.E.2d 313 (1946) ; Smith v. Arnold, 4 Mass. App. Ct. 614, 616, 356 N.E.2d 266 (1976). The law has evolved to consider the return of service as merely prima facie evidence, subject to challenge by the defendant as discussed herein.

Hennessey in turn relied on Stanley Works v. Globemaster, Inc., 400 F.Supp. 1325, 1334-1337 & n.17 (D. Mass. 1975), in which the judge similarly denied a motion to dismiss because the defendant offered no evidence to rebut the Federal marshal's return of service.

See Blair, 522 F.3d at 113-114 (plaintiff's showing that defendant routinely accepted service upon clerk sufficient to warrant discovery and evidentiary hearing on whether clerk "possessed implied, actual authority" to accept service of process); Dogan v. Michigan Basic Prop. Ins. Ass'n, 130 Mich. App. 313, 318, 343 N.W.2d 532 (1983) (where defendant's receptionist directed process server to clerk as person designated to accept service, defendant estopped from raising defense of improper service).

Given the need for further factual development, we are unable to determine whether Foley qualified as the "person in charge" within the meaning of the rule 4 (d) (2), or an "agent or other officer in charge" within the meaning of G. L. c. 223, § 37 -- whether or not Pimental was present. There does not appear to be any controlling Massachusetts authority on this issue. Other jurisdictions have interpreted "person in charge" or similar designations to require that such person's position and responsibilities within the business make it reasonably likely that the corporation will receive notice of the litigation. See, e.g., Sommervold v. Wal-Mart, Inc., 709 F.3d 1234, 1236-1238 (8th Cir. 2013) (service upon assistant manager at retail store insufficient under South Dakota statute permitting service on "the person in charge of such office," where store manager was present); Nelson v. Stop & Shop Cos., 25 Conn. App. 637, 642, 596 A.2d 4 (1991) (affirming dismissal for defective service where deputy sheriff served "operation store manager" of one of defendant's supermarkets, but plaintiff failed to present evidence of "position, rank, duties and responsibilities of the operation store manager who was served" sufficient to establish whether person was "managing agent or manager" within meaning of Connecticut statute governing service upon corporations); CintasCorp. v. Lee's Cleaning Servs., Inc., 549 Pa. 84, 96, 700 A.2d 915 (1997) (stating, in connection with Pennsylvania rule permitting service upon "person for the time being in charge," that "there must be a sufficient connection between the person served and the defendant to demonstrate that service was reasonably calculated to give the defendant notice of the action against it").