NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-278

HARBOR GROUP MANAGEMENT CO., LLC

vs.

JOSEPH MOLLOY & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In May 2019, the plaintiff brought a summary process action for nonpayment of rent against two tenants occupying an apartment in Danvers. The complaint identified one of the tenants as "Joseph Molloy" as named on the lease. A constable served the complaint on the tenants by leaving it at the Danvers apartment and by mailing a copy of the complaint to that same address. A default judgment against "Joseph Molloy" entered on May 30, 2019.[2] That default judgment awarded possession to the plaintiff and required Joseph Molloy to pay back rent of

_____

[1] Michelle Wang.

[2] The judgment entered on May 30, 2019, was against only Joseph Molloy. A second final judgment entered against the other tenant, Michelle Wang, on June 27, 2019, made nunc pro tunc to May 30, 2019.

$2,915.01 as well as fees and costs for a judgment totalling $3,111.31. After an execution issued, the tenants apparently were evicted, as indicated by a July 2019 docket entry memorializing the filing of an inventory from that eviction.

According to an uncontested affidavit from Joseph Molloy, the appellant before us, he is a long-time resident of Marshfield who never lived at the Danvers apartment. He swore in the affidavit that he never was served with the summary process complaint and that he had no knowledge of this litigation until bill collectors started dunning him in September 2019 for the unpaid back rent owed in the judgment that had entered against "Joseph Molloy." Molloy's affidavit also offered a theory for the mix-up, namely that his brother John Molloy, a disbarred attorney with financial problems who lived in the Danvers area, had used Joseph's name when signing the lease. According to Joseph Molloy, his brother even admitted this to him after the fact.

Based on the affidavit, Joseph Molloy filed a motion pursuant to Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), seeking to vacate the default judgment as void for lack of service. Joseph Molloy filed his motion on December 4, 2019, that is, only six months after the default judgment entered, and less than three months after Joseph learned of the litigation. It therefore was timely. See Mass. R. Civ. P. 60 (b) (4) (where

2

party argues judgment is void, "motion shall be made within a reasonable time"). The precise trajectory of the court's handling of the motion to vacate is somewhat unclear on the Housing Court docket. For example, the docket notes that the motion was scheduled to be heard on two dates, but was "resolved" without being heard and with no ruling being noted. In any event, the motion to vacate was denied on August 17, 2021, after Joseph Molloy failed to attend a scheduled hearing by Zoom (the onset of the COVID-19 pandemic having long since occurred). Nevertheless, after Joseph Molloy filed a motion to reschedule the hearing (based on his attorney's claim that he had no notice of the Zoom hearing), the motion to vacate the default judgment was marked up for another hearing on November 29, 2021, which both parties attended. By order dated December 20, 2021, the judge denied that motion. Although the judge faulted Joseph for not diligently prosecuting his motion, he denied the motion on the merits. Specifically, even though the plaintiff offered nothing to contest Joseph Molloy's affidavit that he had never entered a lease for the Danvers apartment, never lived at the Danvers apartment and never had been served with the complaint, the judge rejected his sworn statements and his argument that he was entitled to have the default judgment vacated. In declining to credit the sworn statements, the judge

3

found it significant that Joseph apparently had never reported his brother for identity theft.

On appeal, Joseph Molloy argues that, for purposes of his motion to vacate, the judge was bound to accept his uncontested affidavit that he was never served. See Dumas v. Tenacity Constr., Inc., 95 Mass. App. Ct. 111, 111 (2019) ("When a defendant files a motion for relief from a default judgment under Mass. R. Civ. P. 60 (b) (4), 365 Mass. 828 (1974), alleging that the judgment is void because of improper service of process, the judge is bound to accept the defendant's uncontroverted affidavits as true"). The plaintiff, who chose not to participate in this appeal, makes no argument to the contrary even though the filing of the affidavit put the burden on the plaintiff to prove proper service. See Dumas, supra at 117. Under the circumstances of this case, we agree with Joseph Molloy that the judge erred in denying his motion to vacate the default judgment against him. See Farley v. Sprague, 374 Mass. 419, 425 (1978) (where "the plaintiff failed to controvert the allegations of the defendant's affidavit concerning his alleged residence and the insufficiency of the attempted service of process on him, the defendant was entitled to relief from the default judgment entered against him"). We therefore reverse

4

that order and remand this matter for further proceedings consistent with this memorandum and order.[3]

                                    So ordered.

                                    By the Court (Milkey,
                                      Massing & Henry, JJ.[4]),

                                    *Joseph F. Stanton*

                                    Clerk

Entered:  May 3, 2023.

---

[3] To ensure that our memorandum and order is not misunderstood, we note that we take no position on the ultimate merits of whether Joseph Molloy could be liable for the unpaid rent.  As he points out, the allowance of the motion to vacate does not resolve that issue; it simply provides him his day in court. Conversely, nothing in this memorandum and order should be taken as suggesting that -- where people are alleging that they are being unfairly dunned for a judgment against someone who assumed their identity -- vacating that judgment is their only available avenue of relief.

[4] The panelists are listed in order of seniority.