NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-647

GLOUCESTER HOUSING AUTHORITY

vs.

BRITTANY MARAGNI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Brittany Maragni (tenant) appeals from an order denying her third successive motion to vacate an amended judgment that awarded possession to the Gloucester Housing Authority (GHA) along with monetary damages.[1] The tenant, acting pro se, makes numerous arguments, but we address only those with cited legal and factual support. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).[2] Specifically, we address

_____

[1] The amended judgment is not before us; the tenant did not list it in the notice of appeal. See Mass. R. A. P. (3) (c) (1) (A) (ii), as appearing in 481 Mass. 1624 (2019). See also West Springfield v. Olympic Lounge, Inc., 45 Mass. App. Ct. 923, 924 (1998) (notice of appeal from postjudgment motion not treated as appeal from underlying judgment).

[2] While "some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants." Brown v. Chicopee Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990).

three of the tenant's arguments:  (1) the Housing Court lacked subject matter jurisdiction; (2) the tenant was not provided sufficient notice; and (3) the Housing Court committed treason. For the reasons stated below, we affirm.

Background.  The tenant was served a thirty-day notice to quit on August 27, 2021, and was served a summons and complaint on October 4, 2021.  The tenant represented herself in all matters.  A bench trial occurred on February 15, 2022, and the Housing Court issued findings of fact and rulings in GHA's favor on March 29, 2022.  The tenant proceeded to file three motions to vacate the judgment on April 29, 2022, May 16, 2022, and May 23, 2022.  Each motion made similar arguments concerning jurisdiction and due process and all were denied.  On June 3, 2022, the judge denied the tenant's motion for relief from the judgment but granted tenant's motion to stay execution.  On the same day, the tenant filed this notice of appeal.

Discussion.  When reviewing the decision of a trial judge in a summary process action, "we accept [the judge's] findings of fact as true unless they are clearly erroneous," but "we scrutinize without deference the legal standard which the judge applied to the facts" (citation omitted).  Andover Hous. Auth. V. Shkolnik, 443 Mass. 300, 306 (2005).  We review de novo the denial of a motion to vacate brought on the ground that the

2

judgment is void.  See Dumas v. Tenacity Constr. Inc., 95 Mass. App. Ct. 111, 114 (2019).

1.  Subject matter jurisdiction.  The tenant's first argument is that the Housing Court lacked subject matter jurisdiction over this case.  "Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought" (quotation omitted).  Cambridge St. Realty, LLC V. Stewart, 481 Mass. 121, 128 (2018).  Here, the Housing Court had proper subject matter jurisdiction over this summary process action under G. L. c. 185C, § 3.  See Cambridge St. Realty, LLC, supra at 127 ("There is no question that summary process eviction actions generally fall within the Housing Court's jurisdictional grant").

2.  Service.  The tenant next makes several claims that she did not receive proper service of either the notice to quit, summons and complaint, or notice of motion hearing.  She claims that this lack of service both prevented the Housing Court from having personal jurisdiction over her and denied her of her due process rights.  The tenant is correct that "the plaintiff bears the burden of establishing the validity of service of process." Dumas, 95 Mass. App. Ct. at 114.  The record, however, indicates that the GHA has met its burden.  The record indicates that the court had before it forms, each signed by the constable, stating that the tenant had been served with the notice to quit and the

3

summons and complaint.  This was more than sufficient for the judge to find the court had personal jurisdiction over the tenant.  Additionally, the docket entry of the motion hearing was sufficient to permit the judge to find that the tenant was given notice of the hearing as a party to the case.  Finally, we find no other evidence on this record that the tenant's due process rights were violated.

3.  Treason.  The tenant's last argument is that the employees of the Housing Court and the judge committed treason.  The tenant cites to a case decided by the Supreme Court of the United States to support her position that a court acting without jurisdiction might "be treason to the constitution." United States v. Will, 449 U.S. 200, 216 n.19 (1980).  It appears clear, however, that the use of the word in that context is legally distinct from the criminal act of treason under art. 12 of the Massachusetts Declaration of Rights, and G. L. c. 264, § 1.  The tenant points to no evidence or law or fact to support that the court committed the criminal act of treason. Additionally, as stated previously, the Housing Court did have

4

both subject matter and personal jurisdiction over the tenant.

Order dated June 3, 2022, affirmed.

By the Court (Meade, Wolohojian & Walsh, JJ.[3]),

*Joseph F. Stanton*

Clerk

Entered:  May 22, 2023.

---

[3] The panelists are listed in order of seniority.